UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| FOSTER THOMPSON, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 4:13CV00470 ERW/ACL |
| TERRY RUSSELL, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Abbie Crites-Leoni [ECF No. 14], pursuant to 28 U.S.C. § 636(b)(1), recommending the denial of Petitioner Foster Thompson's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. [ECF No. 1]. Defendant filed timely objections to the Report and Recommendation, [ECF No. 17] after filing a motion for extension of time to file. [ECF No. 15].

**I.  BACKGROUND**

On July 15, 2009, Petitioner was found guilty by a jury of one count of forcible rape, and one count of incest, in the Circuit Court of the City of Saint Louis. *See State v. Thompson*, Cause No. 0822-CR03467-01 (22nd Judicial Circuit); [ECF No. 10 Ex. 1]. Petitioner was sentenced on August 21, 2009 to a term of imprisonment of twenty five years for the forcible rape count, and a term of imprisonment of four years for the incest count, with the Court ordering the sentences to run concurrently. [ECF No. 10 Ex. 1 at 312-313].

Petitioner filed a direct appeal of his conviction with the Missouri Court of Appeals of the Eastern District. [ECF No. 10 at Ex. 2]. On appeal he argued the trial court erred by sustaining the state's objections to his counsel's opening statement, where trail counsel alleged

1

the evidence to be shown at trial indicated the victim's own family did not believe her rape allegation; and the trial court erred in sustaining an objection during cross examination of the victim, preventing the Petitioner's counsel from asking if her family believed her rape allegation. *State v. Thompson*, 330 S.W.3d 869, 870 (Mo. Ct. App. 2011); [ECF No. 10 Ex. 2].

Petitioner then filed a pro se Rule 29.15 motion making multiple claims, and after being appointed counsel filed an amended motion where the only claim for relief was ineffective assistance of trial counsel for failing to properly present Petitioner's medical records showing he had been treated for gonorrhea in March 2008. [ECF No. 10 Ex. 4]. The motion court denied relief without an evidentiary hearing, entering findings of facts and conclusions of law on only the claims in the amended motion. [ECF No. 10 Ex. 4]. The Missouri Court of Appeals affirmed the Motion Court's ruling on appeal. *Thompson v. State*, 369 S.W.3d 86 (Mo. Ct. App. 2012); [ECF No. 10 Ex. 6].

Petitioner filed the instant habeas corpus motion pro se, with five separate grounds for relief. [ECF No. 1]. The State in its response rephrased petitioner's arguments to show there were only four grounds for relief, as the initial grounds two and three both alleged the same violation of law. [ECF No. 10]. Petitioner's traverse disputes the aggregation of grounds two and three, but made additional arguments adopting the State's numbering of his grounds. [ECF No. 11].[1] The Report and Recommendation denies each of Petitioner's grounds for relief. [ECF No. 14].

Ground One argued the trial court, and the appellate court, in affirming his conviction,

---

[1] The Court notes for purposes of clarification it will follow the Report and Recommendation in determining there are four grounds for relief. Petitioner in his initial writ lists five different grounds for relief, and the State's response to Petitioner indicates Petitioner's initial grounds two and three are for the same claim and treated them as such. The Petitioner's traverse rejected this claim, but argued with the State's framework of only four grounds for relief. The Magistrate also ruled on only four grounds for relief, and this Court will follow that format.

violated his rights to due process, denied him a fair trial, denied him the right to present a defense, and denied him the right to confront his accuser, when the trial court sustained an objection to his counsel's opening statement. [ECF No. 1 at 16]. Ground Two argued the trial court, and the appellate court, in affirming his conviction, violated his right of confrontation and right to a fair trial when the trial court sustained an objection during his counsel's cross examination of the victim. *Id.* at 16-17. Ground Three argued the motion court, and the appellate court in affirming the ruling, erred in denying relief without an evidentiary hearing for failing to make findings of facts and conclusions of law for each of Petitioner's pro se claims, after Petitioner's counsel filed an amended motion. *Id.* at 17. Petitioner in Ground Four argued he received ineffective assistance of trial counsel, when trial counsel failed to present medical records and testimony regarding his diagnosis and treatment of gonorrhea, prior to the time of the rape, and failed to secure medical testimony showing the high likelihood of transmission in cases of intercourse. *Id.* at 18.

Petitioner, in response to the Report and Recommendation, filed an "argument in lieu of support as to why this writ should be granted", and medical records, regarding Petitioner's diagnoses of gonorrhea on March 27, 2008, which were previously filed with the Rule 29.15 Motion Court. [ECF No. 17]. Petitioner's response makes two arguments in his response. He argues the Missouri Court of Appeals should have reversed and remanded the Motion Court's decision for failure to make findings of facts and conclusions of law with respect to each of his pro se claims, after he filed an amended motion with counsel. He next argues he received ineffective assistance of trial counsel, primarily when trial counsel failed to present his medical records showing his diagnosis and treatment for gonorrhea. The Court notes these are not objections, and not styled as such; however, the Court interprets his arguments as objections to

Grounds Three and Four, in order to give effect to his arguments. [ECF No. 17 at 11-12].

## II. STANDARD

When a party objects to a Report and Recommendation, the court must "make a de novo review determination of those portions of the record or specified proposed findings to which objection is made." *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)).

"A state prisoner who believes that he is incarcerated in violation of the Constitution or laws of the United States may file a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254 (2000)." *Osborne v. Purkett*, 411 F.3d 911, 914 (8th Cir. 2005), as amended (June 21, 2005). In order for a federal court to grant an application for a writ of habeas corpus brought by a person in custody by order of a state court, the petitioner must show the state court decision:

> "**(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254. State court decisions are contrary to federal law if "the state court either 'applies a rule that contradicts the governing law set forth in our cases,' or 'confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.'" *Penry v. Johnson*, 532 U.S. 782, 792 (2001) *quoting Williams v. Taylor*, 529 U.S. 362, 404-05 (2000). An unreasonable application of precedent is found where the state court uses the correct governing legal principle, but unreasonably applies the principle to the facts of the case. *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004). Therefore a federal court making an "unreasonable application" inquiry, should determine

whether the state court's interpretation was objectively reasonable, and although the Supreme Court has not defined "objectively reasonable", it should be noted that "an unreasonable application of federal law is different from an incorrect application of federal law." *Williams*, 529 U.S. at 410.

## III. DISCUSSION

Petitioner's response to the Magistrate Judge's Report and Recommendation, does not make arguments on each of his five grounds for relief, rather focuses his arguments on the claims made in Grounds Three and Four. The Court address Grounds One and Two as part of its de novo review of the Report and Recommendation, but as Petitioner's response to the Report and Recommendation does not address Grounds One and Two, the Court is unable to address any arguments.. In an objection to Ground Three, Petitioner argues the Court of Appeals should have reversed the Rule 29.15 Motion Court's decision because the motion court did not make findings of facts and conclusions of law on all of the issues presented in the Petitioner's pro se motion, after the petitioner filed an amended Rule 29.15 motion through counsel. In his objection to Ground Four, he argues Petitioner's trial counsel was ineffective for failing to fully investigate and present evidence of Petitioner's medical records showing his diagnosis of gonorrhea after the rape, or to talk to alibi witnesses, or evaluate the scene of the crime. [ECF No. 17 at 11-13].

> a. *The Court agrees with and adopts the Magistrate Judge's Report and Recommendation denying relief on Ground One regarding alleged error in sustaining the State's objection to defense counsel's comment during opening statement that the victim's family did not believe she was raped*

The Missouri Court of Appeals recognized the comment members of victim's family stated they did not believe she was raped would have been inadmissible hearsay, and accordingly the trial court did not abuse its discretion in sustaining the State's objection to counsel's comment in defense counsel's opening statement. The Report and Recommendation concluded

5

an evidentiary ruling by the trial court, even if incorrect, which it does not appear it was incorrect, does not entitle Petitioner to relief unless the evidentiary ruling infringed on a specific constitutional right or violated due process by infecting the entire trial. *Estelle v. McGuire*, 502 U.S. 62, 72 (1991).

The Report and Recommendation is sound in this point. The state courts' decisions were not contrary to or did not involve an unreasonable application of clearly established federal law, as established by the Supreme Court, or did not result in a determination that was based on an unreasonable determination of the facts in light of the evidence presented at state court proceedings. Petitioner's Ground One will be denied.

> b. *The Court agrees with and adopts the Magistrate Judge's Report and Recommendation denying relief on Ground Two regarding alleged error in sustaining the State's objection to sustaining the state's objection during cross examination where counsel asked the victim if her family believed she was raped*

Petitioner argues the trial court and court of appeals violated his right to a fair trial by disallowing him to confront his accuser, and violated his due process rights when it sustained the State's objection during cross examination of the victim on the views of family members concerning whether a rape offense occurred. Both the trial and appellate courts ruled correctly in concluding decisions on admission of evidence are reviewed for abuse of discretion, *State v. Speaks*, 298 S.W.3d 70, 80-81 (Mo. App. E.D 2009), and even if evidence was erroneously excluded such error is not grounds for reversal unless such exclusions prejudice the Defendant. The evidence defendant found beneficial was inadmissible hearsay. The state courts' decisions were not contrary to or did not involve an unreasonable application of clearly established federal law, as established by the Supreme Court, or did not result in a determination that was based on an unreasonable determination of the facts in light of the evidence presented at state court proceedings. Petitioner's Ground Two will be denied.

c. *Petitioner's objection to Ground Three of the Report and Recommendation claiming the Motion Court, and the Missouri Court of Appeals in affirming the ruling, erred for failing to make findings of facts and conclusions of law on all of Petitioner's pro se claims*

Petitioner's objection to Ground Three of the Magistrate Judge's Report and Recommendation comes from an argument where he cites "*Fields v. State* (1971)[2]" and "*Warren v. State* (1971)," to show that in those cases the "Court of appeals Reversed the Trial Court's decision mainly because the trial Court did not make a 'FINDINGS OF FACTS AND CONCLUSIONS OF LAW ON ALL ISSUES PRESENTED TO THE PRESDING JUDGE!'" [ECF NO. 17 at 11]. The Court construes Petitioner's argument as an objection to the Report and Recommendation on Ground Three denying Petitioner's Writ of Habeas Corpus, where petitioner alleged the motion court, and the appellate court in affirming, erred in denying relief without an evidentiary hearing and without making findings of facts and conclusions of law with respect to all of his *pro se* claims.

The Report and Recommendation determined Petitioner procedurally defaulted on this claim by failing to raise it in his appeal from the denial of post-conviction relief; but, even if the claim was not procedurally barred, alleged errors in the state post-conviction proceeding do not amount to errors of constitutional magnitude and are thus not cognizable for relief in the federal court habeas proceedings. [ECF No. 14 at 11]. This Court agrees with the Report and Recommendation, and further determines the claim was procedurally barred, but irrespective there was no error of constitutional magnitude, and the motion court did not err in failing to

---

[2] The Court notes despite a thorough search it is unable to find a case entitled "Fields v. State" published in 1971 which supports Petitioner's contention. The Court found cases entitled "Fields v. State", but could not find a single opinion which stood for the point petitioner wishes to address. It is more likely the Petitioner wished to cite *Fields v. State*, 572 S.W.2d 477, 483 (Mo. 1978), as this case addresses petitioner's argument. Further, the Court also reviewed, *Warren v. State*, 473 S.W.2d 427 (Mo. 1971), which the petitioner also uses in support.

make findings of fact or conclusions of law.

A procedural bar occurs when a habeas petitioner fails to meet state procedural requirements for presenting federal claims, thus depriving federal courts an opportunity to address those claims. "[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (*citing Coleman v. Thompson*, 501 U.S. 722, 730 (1991)). Claims are properly presented in federal court when a petitioner raises the necessary factual and legal arguments necessary to properly present their claim in front of the state courts attempting to resolve the question. *Baldwin v. Reese*, 541 U.S. 27, 29, (2004). Therefore, a prisoner must demonstrate cause for a state-court default before any federal claim can go forward. *Id.* There must be a resulting prejudice before a federal habeas court will hear the merits of such a claim. *Id.* This doctrine is based on concerns of comity and federalism. *Coleman*, 501 U.S. at 722.

"A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." *Martinez v. Ryan*, 132 S. Ct. 1309, 1316, (2012) citing *Coleman*, 501 U.S. at 750. Cause for a procedural default requires a petitioner to show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). If a petitioner cannot show cause, then the Court need not address whether petitioner has been prejudiced by the alleged constitutional violations. *Leggins v. Lockhart*, 822 F.2d 764, 768 (8th Cir. 1987).

Petitioner makes two arguments, which could be used to overcome cause for procedural default: actual innocence and breaches of duty owed to him by all of his counsel. [ECF No. 17 at 11-12]. The Court interprets these arguments as assigned reasons to overcome cause for

procedural default. To show such cause with a claim of actual innocence the petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Petitioners who assert actual innocence as a gateway to defaulted claims, must meet a standard, "it is more likely than not that 'no reasonable juror' would have convicted [the Petitioner], *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1927 (2013) (*quoting Schlup*, 513 U.S. at 329).

The Court agrees with the Magistrate Judge's well-reasoned Report in Recommendation in denying relief for Petitioner on this Ground. Neither in his initial petition for a writ of habeas corpus, nor in his traverse, does Petitioner present supporting evidence, and as such, the magistrate properly denied his claim. [ECF No. 14 at 8]. In Petitioner's objections to the Court, Petitioner presents ten pages of medical records regarding his diagnosis and treatment of gonorrhea, on March 27, 2008. [ECF No. 17 at 14-24]. Petitioner previously submitted these records in the Rule 29.15 trial court proceeding, as part of his amended motion for relief. [ECF No. 10 Ex. 4]. Petitioner failed to present any evidence, expert testimony or any support for his novel exoneration theory. *See Murr v. United States*, 200 F.3d 895, 902 (6th Cir. 2000) (citing cases explaining claims are procedurally barred when bringing them for the first time as an objection to the Report and Recommendation absent compelling circumstances).

Petitioner also seeks to find cause for his procedural default, by alleging his initial post-conviction counsel was ineffective. [ECF No. 17 at 11]. Under *Martinez*, initial post-conviction counsel ineffectiveness can be cause to qualify for procedural default. *Martinez*, 132 S.Ct. at 1316. *Martinez*, however explicitly states it, "does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive

9

collateral proceedings, and petitions for discretionary review in a State's appellate courts." *Martinez*, 132 S. Ct. at 1320. Most importantly, Petitioner in his objection does not contend there was a specific instance in where his post-conviction counsel was ineffective, instead focusing on the alleged errors of trial counsel. [ECF No. 17 at 11-12].

The Report and Recommendation also denied relief because state procedural errors are not errors of constitutional magnitude, and thus do entitle petitioner to relief. *See Jolly v. Gammon*, 28 F.3d 51, 54 (8th Cir. 1994) (citing *Williams-Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir.1990)). In addition, even if the Court chose to address this issue on the merits, Petitioner's claim would still fail, as an amended petition was filed by initial post-conviction counsel and the motion court made findings of facts on all issues presented in the amended motion. [ECF No. 10 at Ex 4]. Petitioner cites *Fields v. State*, 572 S.W.2d 477, 483 (Mo. 1978), and *Warren v. State*, 473 S.W.2d 427 (Mo. 1971), for the proposition a Court must make findings of facts on all issues presented in the amended motion. However, some common sense exceptions to this rule are allowed. *See White v. State*, 939 S.W.2d 887, 903 (Mo. 1997) (recognizing there are common sense exceptions to the general rule that Rule 29.15 requires findings of fact and conclusions of law on every issue). It is common sense, that when the amended motion was filed it mooted the initial motion, and therefore excepts the Court's requirement of making finding of facts and conclusions of law for a motion not even before the Court. For all the reasons presented, the Court adopts the Report and Recommendation of the Magistrate Judge, and overrules Petitioner's objection on this issue.

> d. *Petitioner's objection to Ground Four of the Report and Recommendation claiming the Motion Court, and the Missouri Court of Appeals in affirming the ruling, erred for failing to find he received ineffective assistance of counsel*

Petitioner also argues he received ineffective assistance of trial counsel, which the Court

styles as an objection to the Magistrate Judge's ruling on Ground Four. Petitioner alleges he received ineffective assistance of counsel when trial counsel failed to present his medical records showing his diagnosis and treatment for gonorrhea during the time of the rape, failed to secure and present medical testimony showing the high likelihood of transmission of the disease during intercourse, fully investigate his claims, prepare a defense, talk to alibi witnesses, and evaluate the crime scene. [ECF No. 17 at 11-12]. The Court finds Petitioner's objection to Ground Four has no merit.

A petitioner claiming ineffective assistance of counsel must show: (1) his counsel's performance was deficient, falling below an objective standard of reasonableness; and (2) there is a reasonable probability if not for the deficient performance the result at trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first prong of this test is met, where a petitioner identifies specific instances where counsel's performance was deficient. *Id.* at 690.

Deficient performance can be demonstrated where "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The reasonableness of counsel's representation is measured "under prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). "That standard is necessarily a general one. 'No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant.'" *Bobby v. Van Hook*, 558 U.S. 4, 7 (2009). All the facts in a particular case are taken into account in determining whether counsel acted reasonably. *Marcrum v. Luebbers*, 509 F.3d 489, 502 (8th Cir. 2007). There is a strong presumption counsel's conduct is within the constitutional range of reasonableness. *Strickland*, 466 U.S. at 689.

Counsel's deficient performance is prejudicial when "there is a reasonable probability, that is,

one 'sufficient to undermine confidence in the outcome,' that the result would have been different but for the deficiency." *Close v. United States*, 679 F.3d 714, 716 (8th Cir. 2012).

The Report and Recommendation denied Ground Four of the Petitioner's writ of habeas corpus, finding introduction of medical records into the case does not provide a good defense, and even if counsel's performance was deficient, the failure to introduce medical records was not prejudicial, considering the other evidence in the case. [ECF No. 14 at 14]. The Court agrees with the Report and Recommendation and determines the medical records alone, do not provide a good defense, and Petitioner's trial counsel did not provide ineffective assistance of counsel, as Petitioner was not prejudice by her performance.

Defendant attempts to compare his case to *Garton v. Swenson*, 417 F. Supp. 697 (W.D. Mo. 1976), where a defendant received ineffective assistance of counsel when defense counsel failed to subpoena an alibi witness, when defense counsel was unaware of the subpoena statute for out of state witnesses, and the witness was not subpoenaed. The record indicates the failure to do so was not a tactical choice, and in fact the defense was premised on the existence of alibi witnesses. *Id.* at 701-705.

Thompson's medical records indicate he was diagnosed with gonorrhea on March 27, 2008, and he had symptoms of gonorrhea for three days prior. [ECF No. 17 at 17]. The rape occurred on March 10, 2008, more than two weeks prior to seeking treatment. [ECF No. 10 Ex. 1 at 178-195]. Petitioner testified during re-direct and re-cross on the issue of gonorrhea:

> [Defense counsel]: Now, when you came home from being in jail, did you have a medical problem?
>
> [Thompson]: No, ma'am—oh, yes, ma'am, I apologize. Not at this particular hour, but I had gonorrhea like—I caught gonorrhea from a female friend of mine. Her name is [ ]. She had g[iven] me gonorrhea, so I did have a medical problem.
>
> [Defense counsel]: Did you have gonorrhea in the early part of March of 2008?

[Thompson]: Yes, ma'am.

\*\*\*

[Prosecutor]: Did they give you antibiotics at MSI?

[Thompson]: No, I caught the disease when I got out of MSI.

[Prosecutor]: When you got out of MSI?

[Thompson]: Yes, ma'am.

[Prosecutor]: And you had just gotten out on February 25th of 2008, right?

[Thompson]: Yes, ma'am.

[Prosecutor]: So by March 10th, you already had full-blown gonorrhea?

[Thompson]: Yes, ma'am.

[Prosecutor]: Why is March 10th a significant date for you if nothing happened?

[Thompson]: What do you mean?

[Prosecutor]: How do you know you had gonorrhea on March 10th if nothing happened on March 10th?

[Thompson]: Because I already knew I had gonorrhea because I was in the clinic for it.

[Prosecutor]: Did you bring your medical records?

[Thompson]: No, ma'am."

[ECF No. 10 Ex. 1 at 272-274]. However, Petitioner's own medical records impeach his credibility because he was not in the clinic until March 27, 2008, and the medical records show he reported symptoms only three days prior to his visit to the clinic, a full two weeks after the rape. [ECF No. 17 at 17]. This is in direct contrast to his testimony that he had full-blown gonorrhea, and he was already in the clinic for complaining of gonorrhea on March 10th. [ECF No. 10 Ex. 1 at 272-274]. Petitioner is unable to present any prejudice because his medical records do not show what he attempts to prove, in that he was receiving treatment for gonorrhea

13

at the time of the rape on March 10, 2008. This does not undermine the credibility of the proceedings, nor does it show the result would have been different but for the prejudice. *See Close*, 679 F.3d at 716. Therefore, the Court agrees with the Magistrate's opinion Petitioner's claim does not entitle him to habeas relief.

Further to the extent Petitioner attempts to use *Garton* to support a claim of ineffective assistance of counsel for failing to call his alibi witnesses, this case can be easily distinguished. *Garton*, 417 F. Supp. 697. In *Garton*, prejudicial error was found to exist because the defense strategy rested on having an alibi witness, to prove defendant's presence was at the actual time the crime occurred. Here, Petitioner proposes he could call an alibi witness, to testify three days before the alleged rape, there were two additional people walking home with him and the victim after church. [ECF No. 10 Ex. 4]. Even if Petitioner, were to prove this claim, this again is not prejudicial to defendant, as it does not undermine the credibility of the proceedings, and in light of all of the evidence, does not suggest the result would have been different. *See Close*, 679 F.3d at 716.

The Court adopts the Report and Recommendation of the Magistrate Judge, and overrules Petitioner's objection on this issue.

## IV. Certificate of Appealability

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 481, 120 S. Ct. 1595, 1602, 146 L. Ed. 2d 542 (2000). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not presented arguments which would inspire debates among reasonable

jurists, and therefore no certificate of appealability will be issued.

**IT IS HEREBY ORDERED** that the Report and Recommendation filed on January 21, 2016 [ECF No. 14] is incorporated herein, and is **SUSTAINED AND ADOPTED**.

**IT IS FURTHER ORDERED** Petitioner's Response to U.S. Magistrate Judge Recommendations why the Writ of Habeas Corpus Should be Granted, and the objections inferred therein is specifically overruled.

**IT IS FURTHER ORDERED** that the Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

So Ordered this 17th Day of March, 2016.

*E. Richard Webber*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE